**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| MULLEN, | : | CIVIL CASE | |
| Plaintiff, | : | | |
| v. | : | | |
| | : | | |
| NORFOLK SOUTHERN | : | NO. 13-6348 | |
| RAILWAY COMPANY, | : | | |
| Defendant. | : | | |

**MEMORANDUM RE DEFENDANT'S MOTION FOR CERTIFICATION**

Baylson, J.                                                                                    June 9, 2014

**I.      Introduction**

This dispute involves a claim under 49 U.S.C. § 20109, the Federal Railroad Safety Act

("FRSA").  Plaintiff alleges that Defendant wrongly terminated his employment after he had

protested violations of safety regulations and raised his concerns with his supervisors.  On April

8, 2014, this Court issued an Order ("April 8 Order") denying Defendant's Motion to Dismiss

and granting Defendant's Motion to Transfer.  ECF 12.  The Court then transferred the action to

the Western District of Pennsylvania.  Id.

Defendant filed a Motion for a Certificate of Appealability (the "Motion") on May 6,

2014, asking that this Court certify its April 8 Order for an interlocutory appeal and amend its

Order to permit an interlocutory appeal.  ECF 16.  Plaintiff filed a Response in Opposition to the

Motion on May 20, 2014, ECF 17, and Defendant filed a Reply Brief on May 30, 2014, ECF 18.

The facts relevant to this dispute were set forth in the Court's April 8 Order and will not

be repeated here.  For the following reasons, the Motion is DENIED.

**II.      Legal Standard**

In general, a matter may not be appealed to a court of appeals until a final judgment has

been rendered by the district judge under 28 U.S.C. § 1291.  A district court is authorized to

certify an order for interlocutory appeal only if it finds that: (1) the order involves a controlling question of law, (2) upon which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The decision to certify an appeal rests within the sound discretion of the district court. Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) aff'd sub nom., Douris v. Rendell, 100 F. App'x 126 (3d Cir. 2004) (internal citation omitted). The burden is on the party seeking certification to demonstrate that "exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment." Id. As the Third Circuit has observed:

> It is quite apparent from the legislative history of the Act of September 2, 1958 that Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation. Both the district judge and the court of appeals are to exercise independent judgment in each case and are not to act routinely.

Milbert v. Bison Labs., Inc., 260 F.2d 431, 433 (3d Cir. 1958). "[T]he conditions precedent to the granting by this court of permission to appeal which are laid down by the new section 1292(b) are to be strictly construed and applied. Id. at 435.

## III. Discussion

Defendant maintains that all three conditions for immediate appellate review are met. Plaintiff contends that there is no substantial ground for difference of opinion and that an interlocutory appeal will not materially advance the ultimate termination of the litigation.[1]

---

[1] The Court acknowledges that the issue involves a question of controlling law, as the issue involves a determination of subject matter jurisdiction. Beazer E., Inc. v. The Mead Corp., CIV.A.91-408, 2006 WL 2927627, at *2 (W.D. Pa. Oct. 12, 2006) ("The court believes that the

## A.  Substantial Ground for Difference of Opinion

Defendant argues that this Court's opinion is in conflict with decisions of three other district courts.  Yet Defendant recognizes that this Court has already "concluded that the decisions of these other district courts are not on point."  ECF 16-1 (Mem. of Law in Supp. of the Mot.) at 5.  As this Court explained in the Memorandum of Law accompanying its April 8 Order:

> However, the case law cited by Defendant involves cases where the employee failed to appeal or otherwise pursue his remedies within the specified time period, and a previous decision from a lower court thus became final. Such cases are easily distinguished here, where Plaintiff appealed the ALJ's decision and where his case was before the ARB.

ECF 11 at 8.  These cases do not create a difference of opinion on this issue, because they do not address the same issue that was presented to this Court.

Defendant's Motion here is an attempt to relitigate the issue presented in the Motion to Dismiss.  However, Defendant's disagreement with this Court does not warrant an interlocutory appeal.  Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280, 282 (E.D. Pa. 1983) certified question answered sub nom., Max Daetwyler Corp. v. R. Meyer, 762 F.2d 290 (3d Cir. 1985) ("A motion for certification should not be granted merely because a party disagrees with the ruling of the district judge.").

## B.  Materially Advance the Ultimate Termination of the Litigation

The Court acknowledges here that an appellate decision in favor of Defendant's position would end the litigation.  However, courts have often recognized that an appeal can also delay the ultimate termination of a dispute.  See Singh v. Daimler-Benz, AG, 800 F. Supp. 260, 263 (E.D. Pa. 1992) aff'd, 9 F.3d 303 (3d Cir. 1993) ("[I]f the third circuit finds that this court does

---

fundamental issue of subject matter jurisdiction is one of the clearest examples of a 'controlling question of law' within the meaning of § 1292(b).").

in fact have jurisdiction, the litigation will not be advanced, but will instead will be considerably delayed.). These kinds of concerns are present in all subject matter jurisdiction determinations and denials of motions to dismiss, yet those decisions are not generally appealable. See U.S. ex rel. Sobek v. Educ. Mgmt., LLC, CIV.A. 10-131, 2013 WL 3852795 (W.D. Pa. July 23, 2013).

Even assuming that an interlocutory appeal could materially advance the termination of the litigation, this Court is not persuaded the exceptional circumstances warrant immediate appellate review exist here. "[G]iven the limited nature of [this issue] and the fact that there are no conflicting decisions from district courts within this Circuit which would establish a need for our Court of Appeals to resolve the same immediately, an interlocutory appeal is not warranted . . . ." Harris v. Kellogg, Brown & Root Servs., Inc., CIV.A. 08-563, 2009 WL 1248060 (W.D. Pa. Apr. 30, 2009).

## VII. Conclusion

For the foregoing reasons, the Motion is DENIED. An accompanying Order follows.

O:\Caitlin\Civil\13-6348 (Mullen)\2014.6.5 MoL re Certification.docx